United States District Court
Southern District of Texas
**ENTERED**
October 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON CHARLES SAVOY, (TDCJ #02012802) | § | |
| *Petitioner*, | § | |
| vs. | § | CIVIL ACTION NO. H-19-935 |
| ERIC GUERRERO, Director, Texas Department of Criminal Justice - Correctional Institutions Division,[1] | § | |
| *Respondent*. | § | |

**ORDER DENYING MOTION FOR LEAVE TO FILE LATE NOTICE OF APPEAL**

Petitioner Jason Charles Savoy, proceeding *pro se*, has filed a "Motion for Leave to File a Late Notice of Appeal." (Dkt. 10). He also seeks a certificate of appealability. (*Id.*). Having reviewed the motion, the law, and all matters of record, the Court denies Savoy's motion for the reasons explained below.

## I. BACKGROUND

On March 12, 2019, Savoy, proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1). Because it

[1]The previously named respondent in this action was Lorie Davis. In December 2024, Eric Guerrero became Director of the Texas Department of Criminal Justice–Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

appeared from the face of the petition that relief was barred by the applicable statute of limitations, the Court ordered Savoy to show cause why the petition should not be dismissed as untimely. (Dkt. 6). Savoy filed a timely response. (Dkt. 7). On August 5, 2019, the Court dismissed Savoy's petition as barred by limitations. (Dkts. 8, 9). Savoy did not take an appeal.

On September 17, 2026, Savoy filed his motion for leave to file a late notice of appeal and for a certificate of appealability. (Dkt. 10). As a basis for the late appeal, Savoy alleges that he was "separated from his legal assistant as a result of unit transfers." (*Id.* at 3). He alleges that he exercised due diligence, but he alleges no facts showing what steps he took to attempt to pursue his rights. (*Id.*). As relief, he asks the Court to grant him leave to file an appeal and also grant him a certificate of appealability. (*Id.* at 4).

## II. <u>DISCUSSION</u>

### A. <u>Late Notice of Appeal</u>

Savoy first asks the Court to permit him to file a late notice of appeal. Under Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal must be filed with the district clerk within thirty days after entry of the judgment being challenged. *See* FED. R. APP. P. 4(a)(1). Savoy did not satisfy this requirement, but two other provisions of the Rule allow for additional time in certain circumstances.

Under Rule 4(a)(5), the district court may grant an extension of time to file a notice of appeal if the party moves for the extension no later than thirty days after the time provided by Rule 4(a) expires and shows good cause or excusable neglect for failing to timely file the notice. *See* FED. R. APP. P. 4(a)(5). Under the plain language of the Rule, an extension under this rule must be sought no later than sixty days after the challenged judgment or order is entered—the thirty days permitted in Rule 4(a)(1) plus thirty days after that initial time period has expired. Savoy's motion, filed years after the allowable sixty-day period had elapsed, is untimely. He is not entitled to relief under this provision.

Under Rule 4(a)(6), a district court may reopen the time to file a notice of appeal if the following conditions are met: (1) the moving party did not receive timely notice of the entry of judgment; (2) the motion is filed within 180 days after the entry of judgment or within 14 days after the party receives notice of it, whichever is earlier; and (3) no party would be prejudiced by permitting the time to be reopened. *See* FED. R. APP. P. 4(a)(6).

The record in this case shows that the Memorandum Opinion and Order and Final Judgment were properly addressed and mailed to Savoy's then-current TDCJ address. They were not returned as undeliverable. Savoy does not allege in his motion that he did not receive timely notice of the entry of the judgment. And even if notice was somewhat delayed, his motion was not filed within 180 days after entry

of the judgment. Because the motion is untimely, the Court need not consider whether any party would be prejudiced. Savoy is not entitled to relief under Rule 4(a)(6).

Because Savoy does not allege facts sufficient to permit this Court to either extend or reopen the time for filing a notice of appeal, his motion for leave to file a late notice of appeal must be denied.

### B. Certificate of Appealability

Savoy also asks the Court to issue him a certificate of appealability. The Court denied a certificate of appealability when it issued the original judgment, finding that Savoy had not shown that "jurists of reason would find it debatable whether the district court was correct in its ruling" about the timeliness of the petition. (Dkt. 8, p. 7) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Savoy's current motion alleges no facts that would cause the Court to reconsider its earlier determination that Savoy had not made the required showing. He is therefore not entitled to such a certificate.

## III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Savoy's motion for leave to file a late notice of appeal, (Dkt. 10), is **DENIED**.
2. A certificate of appealability will not be issued.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on Oct 2, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE